### HARGREAVES v. CITY OF YONKERS.

(Supreme Court, Appellate Division, Second Department. January 9, 1900.)

MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALK—PERSONAL INJURIES—NONSUIT.

Plaintiff sustained injuries by the sudden caving in of a flagstone sidewalk. A sewer connection had been made at the point of the accident, but the earth was properly tamped, and the sidewalk was replaced. The plaintiff and his witness had walked over it when it was raining, and some water diverted from its course by building material placed in the street under a permit from defendant city ran over the walk; but there was no evidence that it undermined the walk, and it was not pleaded. The only negligence pleaded referred to the excavation, the manner of filling it, the issuing of the permit therefor, and the want of proper barriers. Held, that the complaint was properly dismissed, since under the pleadings and proof there was no question for the jury.

Appeal from trial term, Westchester county.

Action by John Hargreaves against the city of Yonkers. From an order dismissing plaintiff's complaint, he appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and WOODWARD, JJ.

Joseph F. Daly, for appellant.
James M. Hunt, for respondent.

WOODWARD, J. On the 29th day of March, 1898, the plaintiff, while walking on the sidewalk on Main street, Yonkers, about midnight, sustained more or less serious injuries by reason of the sidewalk suddenly caving in, causing him to drop some two or three feet. It appears from the evidence that a plumber had been at work

to make a house connection with the sewer at the point of the accident. After digging the trench and putting in the connection the earth was restored, and, according to plaintiff's own witness, who is in no way contradicted, the earth was properly tamped, and the sidewalk, made of flagstones, was replaced, so that it appeared to be in proper condition. The plaintiff walked over it early in the evening, and was followed by another of his witnesses. Neither of them discovered anything wrong with the walk, except that at the time of their earlier observation it was raining, and some water, diverted from its course by building materials in the street under a permit, was running over the walk. We might guess that the water thus diverted from its course had worked its way under the flagstone walk, undermining it; but there is no evidence of this character, and it is not pleaded. The only negligence pleaded is in reference to the excavation, the manner of its filling in, the issuing of the permit for this purpose, and in not properly barricading the walk and attending to it. The earth may have been undermined from causes entirely beyond the control of the defendant, and, under the pleadings and the proofs as they were presented to the trial court, there was no question which could properly have been submitted to the jury.

The exceptions should be overruled, and judgment for the defendant ordered, with costs. All concur.